**COMMONWEALTH of Kentucky,**
**Appellant,**

v.

**Donald R. WALKER, Appellee.**

**No. 98–SC–000033–DG.**

Supreme Court of Kentucky.

March 25, 1999.

A.B. Chandler III, Attorney General, Gregory C. Fuchs, Assistant Attorney General, Criminal Appellate Division, Frankfort, for Appellant.

Herbert T. West, Lexington, for Appellee.

GRAVES, Justice.

Appellee, Donald R. Walker, along with two other juveniles, was indicted in the Fay-ette Circuit Court for first-degree robbery, a class B felony. He pled guilty to an amended charge of criminal facilitation to commit first-degree robbery, a class D felony. The trial court sentenced Walker to five years' imprisonment, but probated his sentence subject to several conditions, one of which was to serve an additional six months in the Fayette County Juvenile Detention Center. Prior to sentencing, he had already served more than 6 months in the juvenile detention facility.

Walker filed a motion in the trial court requesting that the time served prior to sentencing be credited towards the six months' sentence imposed as a condition of probation. The trial court denied the motion. Walker appealed his conviction. The Court of Appeals reversed the trial court, and held that the trial court must credit any pretrial detention to the confinement condition of a subsequent sentence of probation. Having reviewed the record and having heard oral arguments, we reverse the Court of Appeals and reinstate the judgment of the trial court.

The sole issue on appeal is whether the trial court erred in sentencing Walker, a juvenile defendant, to six months in a juvenile detention facility as a condition of probation without giving him any credit toward that six months for time spent in custody prior to sentencing. Resolution of this issue requires reconciling two separate sentencing statutes, namely KRS 532.120(3) and KRS 533.030(6).

KRS 532.120(3) provides:

Time spent in custody prior to the commencement of a sentence ... shall be credited ... *toward service of the maximum term of imprisonment.* (Emphasis added.)

Walker's maximum term of imprisonment in this case is not six months, but five years imprisonment. It is clear that credit is to be granted towards the five year sentence, not towards the conditional six month sentence. This credit was given by the trial court.

Further, KRS 533.030(6) provides:

When imposing a sentence of probation ..., the court, *in addition to conditions imposed under this section,* (emphasis added) may require as a condition of the

sentence that the defendant submit to a period of imprisonment ... at whatever time or intervals, consecutive or non consecutive, the court shall determine. The time actually spent in confinement ... *pursuant to this provision* (emphasis added) shall not exceed (6) months.... Time spent in confinement ... under this subsection shall be credited against the *maximum term of imprisonment* (emphasis added) assessed for the defendant pursuant to KRS Chapter 532, if probation or conditional discharge is revoked and the defendant is sentenced to imprisonment.

KRS 532.120(3) provides that time spent in custody prior to the commencement of a sentence, as a result of the charge that culminated in the sentence, shall be credited by the court imposing sentence toward service of the maximum term of imprisonment in the event that probation or conditional discharge is revoked. Walker's maximum term of imprisonment is five years. Toward the maximum term of imprisonment, he is legally entitled to credit for every day spent in confinement, that is, days spent in confinement both before and after sentencing will be deducted from the maximum confinement of five years should he ultimately be confined for such period.

KRS 533.030(6) plainly authorizes trial courts to impose a period of confinement of up to six months as a condition of probation. Walker was free to reject the terms of probation and serve out his full five years in confinement if he chose not to abide by the terms and conditions of probation. Upon accepting probation, Walker is obliged to fulfill the conditions of probation, one of which is to serve six months in confinement. Accordingly, we conclude that the trial court did not err in refusing to grant Walker credit toward his six month conditional sentence for time served prior to sentencing.

The decision of the Court of Appeals is reversed and the matter is remanded for reinstatement of the trial court judgment.

All concur.