DIXON, JUDGE:
Joshua Burnett[1] appeals from an order of the Jackson Circuit Court voiding his pretrial diversion and sentencing him to two years' imprisonment. For the reasons set forth herein, we vacate and remand for the circuit court to enter additional findings of fact.
After Burnett accrued a child support arrearage for his three children in the amount of $15,056.80, he pleaded guilty to flagrant non-support. In exchange for Burnett's plea, the Commonwealth recommended a sentence of two years' imprisonment, to be diverted for five years. Burnett was also required to pay $250.94 per month toward his arrearage amount, in addition to his current child support obligation.[2] Thereafter, the circuit court entered an order placing him on Class D Felony Pretrial Diversion.
Approximately three months later, the Commonwealth filed the first of a series of motions to set aside Burnett's plea agreement due to his failure to pay the arrearage amount. On August 2, 2016, the circuit court held a hearing on the matter. The Commonwealth's sole witness was Jessie Weaver of the Jackson County Child Support Office. She testified that Burnett paid $24,713.57 in child support, some payments of which were voluntary and some were involuntary. The child support office received monthly assignments when there was a wage assignment in effect, but those payments ceased on December 8, 2015. Since that time, the child support office had only received three voluntary payments-in the amounts of $400.00, $350.00 and $103.03-and one involuntary payment-in the amount of $45.34. Burnett, however, still had an outstanding arrearage amount of $11,435.98.
Burnett also testified at the hearing. He moved to Texas to work in the oil industry prior to December 2015. Then, the work "slowed down" because the price of oil dropped. Subsequently, his wife's father became sick, and they moved back to Kentucky to care for him, leaving behind their vehicle. Lack of transportation temporarily impaired his employment options. In mid-March, Burnett acquired a car and was able to look for work. Though he found part-time work within a few weeks, he received a job in July which later became full-time. He hoped to transition into another job in the future so that a wage assignment could be put into place. At the conclusion of the hearing, the circuit court *324 voided Burnett's pretrial diversion, finding that Burnett could not be effectively managed in the community because "[he] won't do what [he] agreed to and [was] ordered to do by the court." This appeal follows.
On appeal, Burnett argues that the circuit court palpably erred when it failed to make findings under one element of Commonwealth v. Andrews , 448 S.W.3d 773, 780 (Ky. 2014) and both elements of Commonwealth v. Marshall , 345 S.W.3d 822 (Ky. 2011). We agree.
Kentucky Revised Statutes (KRS) 533.256(2) provides the proper standard courts must apply in determining whether to void a pretrial diversion: "In making a determination as to whether or not a pretrial diversion agreement should be voided, the court shall use the same criteria as for the revocation of probation, and the defendant shall have the same rights as he or she would if probation revocation was sought." The appellate standard of review of a decision to revoke a defendant's probation is whether the circuit court abused its discretion. Commonwealth v. Lopez , 292 S.W.3d 878, 881 (Ky. 2009). Under the abuse of discretion standard, the circuit court's decision must be "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." Andrews , 448 S.W.3d at 780 (quoting Commonwealth v. English , 993 S.W.2d 941, 945 (Ky. 1999) ).
Burnett first argues that the circuit court erred when it failed to consider the mandatory criteria for voiding a defendant's pretrial diversion under Andrews and Kentucky Revised Statute (KRS) 439.3106. KRS 439.3106 provides that defendants on probation shall be subject to:
(1) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or
(2) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.
In Andrews, the Kentucky Supreme Court declared that House Bill (HB) 463 modified the traditional approach by imposing additional considerations and standards relevant to the revocation of probation. 448 S.W.3d at 779-80. Importantly, however, the Andrews Court further stated that "[w]hile HB 463 reflects a new emphasis in imposing and managing probation, it does not upend the trial court's discretion in matters of probation revocation, provided that discretion is exercised consistent with statutory criteria." Id. at 780. Additionally, in McClure v. Commonwealth , 457 S.W.3d 728, 733 (Ky. App. 2015), this Court held that, consistent with the Supreme Court's opinion in Andrews , the circuit court must make adequate findings of fact concerning each factor of KRS 439.3106.
The Commonwealth argues that Burnett did not preserve this issue on appeal because his counsel only asked that alternative sanctions be considered, not that the circuit court make specific findings pursuant to KRS 439.3106. Regardless, even if we were to find that the issue unpreserved, we must nevertheless conclude that the circuit court's failure to make the statutory findings required by KRS 439.3106 constitutes palpable error under Kentucky Rules of Criminal Procedure (RCr) 10.26. Though the circuit court made a finding that Burnett cannot be managed *325 in the community, it did not make a finding that he was a significant risk to the community. Both findings are required. On remand, the circuit court shall enter findings as to both elements of KRS 439.3106(1). Once the court has fully considered the matter and made findings as to both elements, its analysis should conclude by stating whether voiding the pretrial diversion or a lesser sanction is more appropriate.
Next, Burnett argues that the circuit court erred in failing to make the necessary findings of fact as required by the United States Supreme Court in Bearden v. Georgia , 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), and as adopted in this Commonwealth by our Supreme Court in Marshall, supra , before voiding his pretrial diversion. We agree.
In Marshall, the Kentucky Supreme Court considered appeals in two separate actions arising from motions to revoke for failure to comply with conditions requiring the payment of child support, holding that due process requires the circuit court to make the findings of fact when considering a motion to revoke probation for failure to pay child support. 345 S.W.3d at 828-29. Those findings are "(1) whether the probationer made sufficient bona fide attempts to make payments but been unable to do so through no fault of his own and, if so, (2) whether alternatives to imprisonment might suffice to serve interests in punishment and deterrence." Id. The Marshall Court further determined that in resolving the above considerations, the circuit court is required to make clear findings on the record specifying the evidence relied upon and the reasons for revoking probation. Id. at 833. Although the findings do not necessarily have to be made in writing, they must be specific and clearly evident from the record. Id.
Here, the Commonwealth has conceded that the court did not make findings under Marshall . However, the Commonwealth argues the error was not palpable under RCr 10.26. We disagree and hold that the failure to make findings under Marshall constitutes palpable error. See Schaffeld v. Com. ex rel. Schaffeld , 368 S.W.3d 129, 135 (Ky. App. 2012) (reversing for the circuit court's failure to make findings under Marshall even though the issue was not raised by the parties).
The Commonwealth also requests that we overturn or abrogate Marshall . We decline to do so, because we must comply with Kentucky Supreme Court Rule (SCR) 1.030(8)(a) : "The Court of Appeals is bound by and shall follow applicable precedents established in the opinions of the Supreme Court and its predecessor court." Marshall remains the applicable precedent in this context, and we must adhere to its holding.
Due to the circuit court's failure to make findings under Andrews and Marshall , we vacate the order of the Jackson Circuit Court voiding Burnett's pretrial diversion. On remand, the court shall enter express findings as to each element required by Andrews and Marshall . In accordance with Andrews , once the court has fully considered and made findings as to these elements, it should determine whether revocation or a lesser sanction is most appropriate, thus serving both the spirit of, and the intent behind, KRS 439.3106.
The order of the Jackson Circuit Court is vacated, and this matter is remanded for further proceedings consistent with this opinion.
ALL CONCUR.

The appellant's last name is alternatively spelled "Burnette" and "Burnett" in the circuit court record. We refer to the appellant as "Burnett" in this opinion because that is how he spelled his name in his notice of appeal.

In addition to his arrearage, Burnett had a monthly child support obligation of $600.00. This amount was later modified to $374.50.