RENDERED: SEPTEMBER 29, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1509-MR

RICHARD L. BROWN                                                                    APPELLANT

v.

APPEAL FROM OLDHAM CIRCUIT COURT
HONORABLE JERRY D. CROSBY, II, JUDGE
ACTION NO. 15-CR-00017

COMMONWEALTH OF KENTUCKY                                               APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; KAREM AND McNEILL, JUDGES.

McNEILL, JUDGE:  Richard L. Brown ("Brown") appeals from the Oldham

Circuit Court's order revoking his probation.  Brown contends the trial court erred

when it revoked his probation and failed to make required findings under Kentucky

Revised Statute ("KRS") 439.3106(1).  After careful review, we affirm.

# I. BACKGROUND

On February 13, 2015, Brown was indicted on two counts of possession of a handgun by a convicted felon; trafficking in marijuana, over 8 ounces (enhanced); possession of drug paraphernalia (enhanced); possession of marijuana (enhanced); second-degree possession of a controlled substance (enhanced); and third-degree possession of a controlled substance (enhanced). On September 3, 2015, Brown accepted a guilty plea. In return, the Commonwealth agreed all the enhanced offenses would be amended down to unenhanced charges, and one count of possession of a handgun by a convicted felon would be dismissed. The Commonwealth additionally agreed Brown could be placed on pretrial diversion for the handgun and trafficking in marijuana charges and placed on probation for all remaining charges. Brown was sentenced to supervised pretrial diversion for a period of five years with a suspended sentence of seven years on the firearm and trafficking charges and received a sentence of seven years probated for a period of two years on the remaining charges.

On September 23, 2015, the trial court entered an order, *sua sponte*, noting that possession of a handgun by a convicted felon, due to its status as a class C felony, was not eligible for pretrial diversion and scheduled the matter for a review on October 8, 2015. On October 14, 2015, the handgun charge was amended to first-degree wanton endangerment, and the trial court entered a new

order granting supervised diversion for five years with a suspended five-year sentence on that charge.[1]

From June 1, 2016, to May 16, 2017, multiple violation of supervision reports were completed by Brown's supervising probation officers detailing numerous violations of his diversion and probation. A revocation hearing date was ultimately set by the trial court for June 22, 2017, during which Brown stipulated to violating the terms of his supervision. The trial court revoked Brown's diversion and probation and ordered that he serve his sentence. An agreed order was entered on January 10, 2018, granting shock probation on the condition that Brown be released to and reside at a long-term drug and alcohol inpatient treatment center for a minimum of six months.

On December 3, 2019, and December 16, 2019, two violation of supervision reports were respectively submitted documenting multiple probation violations, and the trial court held a revocation hearing on March 30, 2021, which was continued to and concluded on May 12, 2021. The trial court entered a written order on June 4, 2021, revoking Brown's probation. Brown was returned to active supervision with conditions that he undergo a mental health examination and meet

---

[1] The trial court's October 14, 2015, order contained an error stating the Commonwealth recommended a sentence of seven years on the first-degree wanton endangerment charge. This was corrected by an order entered on November 18, 2015, which reflected that the Commonwealth's recommendation was for five years.

with his probation officer within seven days of his release from incarceration for purposes of enrolling in an approved substance abuse treatment program.

On September 24, 2021, the Commonwealth filed a motion to revoke probation with an attached violation of supervision report asserting Brown failed to complete substance abuse treatment after he was discharged from Awake Ministries for non-compliance with the program. The report also alleged Brown provided false information to his probation officer by misrepresenting the length of the treatment program indicating it would take two weeks to complete instead of 45 to 60 days as stated by a program representative. A revocation hearing was held on November 18, 2021, at which Brown's probation officer, Timothy Pollard, testified for the Commonwealth along with Awake Ministries' Director of Men's Housing, Chris Banta. Mr. Banta testified that Brown failed to attend multiple individual meetings with him during his enrollment in the treatment program which resulted in his expulsion. Brown testified in his defense. At the conclusion of the hearing, the trial court made preliminary oral findings from the bench but took the matter under submission. An order containing written findings and revoking Brown's probation was later entered on December 1, 2021. This appeal followed.

## II. STANDARD OF REVIEW

We note that Brown's preservation statement designates that his claims are preserved by the "revocation hearing and Order revoking." Ordinarily, revocation of diversion is reviewed for abuse of discretion. See *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014). "Under our abuse of discretion standard of review, we will disturb a ruling only upon finding that 'the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Andrews*, 448 S.W.3d at 780 (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)). However, we could find no indication during our review of the record of Brown raising the issue of insufficient findings before the trial court after entry of the written order to revoke, such as through a motion to vacate or requesting additional findings. Regardless, prior precedent is clear that failure to enter sufficient findings under KRS 439.3106(1) constitutes palpable error. *See Burnett v. Commonwealth*, 538 S.W.3d 322 (Ky. App. 2017); *see also Anderson v. Johnson*, 350 S.W.3d 453, 457 (Ky. 2011) ("[T]he failure of the parties to request complete findings of fact is not fatal to their appeals because the trial judge did not comply with the procedural requirements of this statutory proceeding."). "An error is palpable, we have explained, only if it is clear or plain under current law . . . ." *See Commonwealth v. Jones*, 283 S.W.3d 665, 668 (Ky.

2009) (internal quotation marks and citation omitted). Thus, we proceed accordingly.

### III. ANALYSIS

On appeal, Brown argues the revocation of his probation was erroneous because the trial court violated KRS 439.3106(1) by failing to enter sufficient findings that he could not be appropriately managed in, and was a significant risk to, the community. In his appellate brief, Brown specifically argues, "The trial court never uttered the words, [']significant risk to prior victims, the community or couldn't be appropriately managed in the community['] until the boilerplate Revocation Order used the required statutory language." (Internal quotation marks added.) Brown further states that the holding in *Helms v. Commonwealth*, 475 S.W.3d 637 (Ky. App. 2015), "forbids the use of form findings and conclusions of law in probation revocation orders[.]"

KRS 439.3106(1) states that supervised individuals are subject to:

(a) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or

(b) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may

assist the offender to remain compliant and crime-free in the community.

While this statute requires a trial court to consider its described factors, it does not "require anything more than a finding to this effect supported by the evidence of record." *McClure v. Commonwealth*, 457 S.W.3d 728, 733 (Ky. App. 2015). "These findings can be either oral or written to satisfy both KRS 439.3106(1) and the defendant's due process rights." *Commonwealth v. Gilmore*, 587 S.W.3d 627, 630 (Ky. 2019); *see also Commonwealth v. Alleman*, 306 S.W.3d 484, 486 (Ky. 2010). "[W]e look to both the written and oral findings in conjunction with one another and not separately in a vacuum." *Gilmore*, 587 S.W.3d at 630.

Upon the conclusion of the revocation hearing, the trial court cited its June 4, 2021 revocation order and spoke at length about the condition of Brown's probation being that Brown enroll in and complete drug treatment. The trial court also referenced Brown's prior appearance before the trial court when he was in custody for his previous probation violation stating:

> I was pretty clear with you, and if we need to roll that tape back from the June, from the date when we were here in court. I can roll it back, and we can sit and listen to what we talked about. *But my interest is, is that you have shown all the signs in your, um, evaluation that we had you complete before you were released from custody, all the signs of being a meth addict. You are a drug addict*. . . . And you don't get to dictate where you go or how you get treatment. You have forfeited that right.

-7-

(Emphasis added.)  Shortly thereafter, the trial court indicated it was taking the matter under submission and would follow up with a written order.

The written order was completed on a preprinted form, and within a section reserved for typewritten findings, the order states as follows:

> Defendant was ordered to enroll in SA[2] treatment and was returned to probation and signed conditions to complete any treatment program directed by the Court or his officer.  Defendant was directed to complete IOP[3] at AWAKE ministries.  Defendant enrolled at AWAKE but was terminated for failing to attend individual sessions.  Defendant made excuses for his absences but court adjudged those excuses to be invalid and/or false.  Defendant submitted proof of a positive drug screen for amphetamines.  He argues he has a valid prescription.  The copy of the prescription cut off the date of the prescribing doctor and the date the prescription was filled.  The only prescribed medication he advised P&P[4] was ZOLOFT for depression.  The positive tests for amphetamines was [sic] not submitted by P&P.  The defendant presented this on his own.

(Footnotes added.)  Below this, the written order contains a marked checkbox next to preprinted language containing the KRS 439.3106(1) criteria.

When examining the trial court's oral findings in conjunction with its written findings, we conclude the trial court met the statute's requirements.  It is

---

[2] Substance abuse.

[3] Intensive outpatient treatment.

[4] Probation and Parole.

immaterial the statutory criteria were not invoked until the entry of the trial court's written order or that the written order was completed on a preprinted form. The holding in *Helms*, *supra*, does not expressly preclude the use of preprinted form orders. It instead sought to preclude perfunctory recitations of the statutory factors. *Id.* Indeed, preprinted form orders have been affirmed in prior appellate decisions. *See Thompson v. Commonwealth*, No. 2017-CA-001866-MR, 2019 WL 103866, at *4 (Ky. App. Jan. 4, 2019); *Fair v. Commonwealth*, No. 2016-CA-001105-MR, 2017 WL 3642967, at *3 (Ky. App. Aug. 25, 2017).[5] As long as a trial court makes specific findings, and a form order clearly evidences the criteria were considered, there is no error. *Id.* In the trial court's order, the checkbox next to the criteria was checked which sufficiently signified the trial court considered the statute. *See Thompson*, 2019 WL 103866, at *4.

Brown argues his failure to attend individual meetings "should not have amounted to a finding that he could not be appropriately managed in the community[,]" and his employment, attendance at church, and support of his family demonstrated he "was not a risk to the community[.]" This position is far too narrow and omits the larger context and circumstances in which his violation occurred. The trial court's oral and written findings demonstrate Brown had

---

[5] We cite *Thompson* and *Fair* as persuasive, as opposed to mandatory, authority pursuant to Kentucky Rule of Appellate Procedure 41(A).

previously committed a prior violation and was released from custody for the purpose of addressing his drug addiction. Upon committing a subsequent violation by failing to cooperate with his drug treatment, it was clear he could not sufficiently be managed within the community. *See Compise v. Commonwealth*, 597 S.W.3d 175, 182 (Ky. App. 2020) ("[A] defendant who will not cooperate with the conditions of her supervision may indeed constitute a significant risk to the community at large and be unmanageable in the community."). Brown's insufficiently treated drug addiction coupled with the continued use of controlled substances without sufficient proof of a valid prescription thus posed a significant risk to the community. *See Andrews*, *supra*.

In response to the Commonwealth's argument on appeal which emphasized Brown's prior violations and history, Brown asserts revocation should be based solely on his "current violations" as opposed to his "prior actions." While this statement is accurate, one's prior history is still a relevant factor that may be considered for KRS 439.3106(1) purposes, and for reasons already discussed, the trial court did not revoke solely based on Brown's prior history. *See Andrews*, 448 S.W.3d at 780 ("While [Appellant's] criminal history could not be the sole basis for his revocation, it was appropriately considered when assessing the risk posed by his continued probation.").

Brown maintains the "trial court's written order revoking simply stated the violations from the supervision report" with "no explanation of the risks or how this affected his ability to be managed in the community." However, the case law is clear that explanations of findings are not required. *See New v. Commonwealth*, 598 S.W.3d 88, 90 (Ky. App. 2019) (citation omitted) ("A trial court is not required to provide explanations for those findings . . . ."); *McClure*, 457 S.W.3d at 733 ("Neither KRS 439.3106 nor *Andrews* require anything more than a finding . . . supported by the evidence of record. The trial court complied with this requirement and it owed [Appellant] no further explanation.").

Lastly, Brown contends "the trial court failed to consider other sanctions as required under KRS 439.3106(2)." We disagree. The trial court sufficiently demonstrated it considered the KRS 439.3106(1) criteria. This evidences it determined alternative sanctions were not feasible, and there is no requirement lesser sanctions be imposed before revocation. *See McVey v. Commonwealth*, 467 S.W.3d 259, 263 (Ky. App. 2015).

In conclusion, and in further consideration of *McClure*, *supra*, we hold the trial court's findings are sufficiently supported by the evidence in the record. Mr. Banta testified at the evidentiary hearing that Brown missed multiple individual sessions which resulted in his discharge from the drug treatment program at Awake Ministries. The record contains a positive drug screen for

amphetamines taken during Brown's period of supervision along with a photo of a prescription tendered by Brown which, as the trial court found, contains no clear prescription date. While the trial court only referenced Brown's most recent prior violation, the record contains multiple notice of supervision violations and two previous revocation orders including the June 4, 2021, order referenced by the trial court. In respect to the oral finding concerning Brown's drug addiction, the record demonstrates his underlying convictions predominantly consist of drug offenses, his prior violations for which he was previously revoked involved multiple prior instances of controlled substance use, and a screening questionnaire completed and introduced as an exhibit by Brown indicated he had a history of overconsumption of alcohol and/or drugs.

Consequently, the trial court did not abuse its discretion. Regardless, if any abuse of discretion can be discerned, it does not rise to the level of palpable error based on these facts and under the current state of the law. *See Commonwealth v. Moore*, 664 S.W.3d 582, 592 (Ky. 2023) (holding that a trial court's KRS 439.3106(1) findings and revocation based on a probationer's failure to report to Probation and Parole and use of methamphetamine and benzodiazepines did not constitute palpable error).

Therefore, for the reasons stated herein, we affirm the order of the Oldham Circuit Court revoking probation.

-12-

ALL CONCUR.

BRIEFS FOR APPELLANT:

Roy A. Durham, II
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky