RENDERED: MAY 16, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1405-MR

STEPHEN HARDIN        APPELLANT

APPEAL FROM NELSON CIRCUIT COURT
v.      HONORABLE CHARLES C. SIMMS, III, JUDGE
ACTION NO. 20-CR-00132

COMMONWEALTH OF KENTUCKY        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; CALDWELL AND L. JONES, JUDGES.

CALDWELL, JUDGE: Stephen Hardin ("Hardin") appeals from an order of the Nelson Circuit Court revoking his probation. Hardin argues the circuit court made insufficient findings under KRS[1] 439.3106(1). After careful review, we affirm.

---

[1] Kentucky Revised Statutes.

# BACKGROUND

The underlying facts leading to the revocation of Hardin's probation are not in dispute. On June 4, 2021, Hardin pled guilty in Nelson Circuit Court to one count of incest, one count of unlawful transaction with a minor in the first degree, one count of rape in the third degree, and one count of custodial interference. In exchange for his plea, the Commonwealth had agreed to recommend a seven-year sentence for the incest charge and a five-year sentence on each of the three remaining charges, with the sentences to all run concurrently for a total of seven years. Additionally, the Commonwealth agreed to recommend Hardin's sentence be probated, subject to certain requirements.

In August 2021, the circuit court entered a final judgment of conviction and sentence along with an order probating Hardin's sentence for a period of five years. Terms and conditions of the Order required Hardin's serving 365 days in the Nelson County Jail,[2] completing the Kentucky Sex Offender Treatment Program, having no new offenses, and registering as a sex offender for twenty years. After Hardin had served the 365 days in the county jail, he was released from incarceration on July 31, 2022.

---

[2] KRS 533.030(6) provides that a court may require a defendant to submit to a period, not to exceed twelve (12) months, of confinement in a county jail as a condition of probation. *See also Commonwealth v. Walker*, 989 S.W.2d 165 (Ky. 1999).

On August 8, 2021, Hardin's supervising probation officer filed a violation of supervision report. The report alleged multiple violations, including Hardin being charged with a new criminal offense. The report reflected Hardin had been charged with sex offender electronic communications violations per KRS 17.546 in Nelson County District Court case No. 23-M-00391. The report additionally alleged multiple violations of the terms of Hardin's probation that were particular to sex offenders. These included unauthorized use of a computer or phone and possession of unmonitored cellular phones that were never reported to his probation officer. Another violation alleged was Hardin having unauthorized contact with a thirteen-year-old female on August 5 and 6, 2023. Finally, the report reflected Hardin had been terminated from the sex offender treatment program, another violation of the terms of his probation.

The central events which led to Hardin's new criminal charge allegedly began on or around the evening of August 5, 2023, and were described in the report. On that evening, a small group of neighbors who lived close by Hardin were in search for a lost dog. Among the search party was a 13-year-old child. Hardin and his brother, who both resided together with a relative according to Hardin's brief, joined in the search and began talking with the child. When another neighbor saw the interaction, she immediately warned the child's mother that both Hardin and his brother were sex offenders. The child's mother responded

by calling for her daughter to get away from the men and instructing her to return home. Nevertheless, in the course of speaking with the child, Hardin and his brother had obtained her phone number after telling her they would need to contact her if they found the dog.

Around midnight on the same evening and into the early morning of August 6, 2023, the brothers began sending text messages to the child. The child's mother quickly became aware of the text messages and reported this to the police. The child was interviewed by the Nelson County Sheriff's Department ("NCSD") and described her encounter with Hardin and his brother. In the text messages and during the encounter, it appeared Hardin and his brother had attempted to lure the child to their residence or an automobile without the child telling her parents. A warrant for Hardin's arrest as well as a search warrant for his residence followed and Hardin was arrested on August 7, 2023.

A probation revocation hearing occurred on November 1, 2023. Probation and Parole Officer Samantha Bright and NCSD Detective Walter Wetzel testified. Officer Bright testified that it was a violation of the terms of supervision for a sex offender to join a juvenile in a search for a dog or to have communicated with a juvenile at the time of Hardin's interactions with the child. She additionally testified that Hardin had not reported the cell phone he had used to communicate with the child in the inventory of his electronic devices as required under the terms

of his supervision.  The cell phone had accordingly not been monitored by software as required under the terms of Hardin's supervision.  Officer Bright also testified that, after the investigation and execution of a search warrant by the NCSD, she became aware of three unauthorized cell phones in Hardin's possession, including one kept at his place of employment.

Det. Wetzel testified as to the course of the investigation and search warrant.  He described methods utilized in the investigation to distinguish which cell phones were Hardin's from those of his brother that were also seized subsequent to the search warrant.

One of Hardin's cell phones contained photographs of Hardin's penis and documented activity showed he had sent the photographs to persons he interacted with on social media.  Additionally, a close-up photograph of a vagina that Hardin had solicited and saved from a social media exchange was discovered.  Officer Bright testified that possession of such pornographic images was a violation of terms for sex offender supervisees.  She additionally described other photographs from Hardin's phone that had been saved from social media exchanges.  These contained images of multiple nude females whom the officer described as appearing "questionable" as to whether they were under or over the age of eighteen years old.

Officer Bright described receiving transcriptions from Hardin's phone which showed he had exchanged 34,000 messages on an unauthorized cell phone from the period January 1, 2023, thru August 9, 2023. As a result of the volume of messages and the limited time between receiving the transcriptions and the date of the hearing, Officer Bright had been unable to review them all prior to her testimony. However, a report filed with the circuit court included long excerpts from social media conversations she had reviewed and testified to. These included a conversation where Hardin described being in a "class" in Louisville while he attempted to arrange an exchange of sex for money. Officer Bright reported that she confirmed that Hardin had attended a Sex Offender Treatment Program class in Louisville on the date in question. She also attached to her report instances of Hardin's chatting with social media users who were ostensibly underage females and describing incestuous sexual fantasies and encouraging them to engage in incestuous behavior. Officer Bright testified that, based upon the investigation Detective Wetzel conducted and what she herself had observed, Hardin had violated sex offender supervisory conditions and could not be safely or accurately supervised.

Following testimony, the circuit court heard closing arguments. Hardin's counsel argued that the Commonwealth had failed to meet its burden and argued that Hardin's termination from the Sex Offender Treatment Program had

not been willful. Counsel asked that Hardin remain on probation or receive graduated sanctions.

At the hearing's conclusion, the circuit court ordered Hardin's probation be revoked. The circuit court made oral findings that Hardin was in possession of three unreported devices and had unauthorized contact with a juvenile female, concluding both were violations of the requirements for sex offenders in Kentucky. The circuit court further referenced these violations and Hardin's otherwise sending inappropriate messages and photos and found that these actions demonstrated a "risk to the community." The same behavior was referenced by the circuit court in an oral finding that Hardin could not be "properly monitored" in the community. The circuit court issued a written order ("Revocation Order") on the same day.

This appeal follows. Additional facts will be developed as necessary.

**STANDARD OF REVIEW**

Hardin's preservation statement asserts that his challenge to the sufficiency of the circuit court's findings was preserved by "[t]he arguments of counsel" made "at the revocation hearing and the order revoking probation." We typically review a circuit court's revocation of a criminal defendant's probation for abuse of discretion. *See Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014) (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

("Under our abuse of discretion standard of review, we will disturb a ruling only upon finding that 'the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'").

However, Hardin's preservation statement also acknowledges the specific arguments he advances on appeal were never made to the circuit court nor did he ever raise the issue of allegedly insufficient findings following entry of the circuit court's written order. Nonetheless, Hardin relies on precedent that a circuit court's failure to make findings required by KRS 439.3106(1) when revoking probation constitutes palpable error, citing *Burnett v. Commonwealth*, 538 S.W.3d 322, 324 (Ky. App. 2017); *see also Anderson v. Johnson*, 350 S.W.3d 453, 457 (Ky. 2011) ("[T]he failure of the parties to request complete findings of fact is not fatal to their appeals because the trial judge did not comply with the procedural requirements of this statutory proceeding."). "An error is palpable, we have explained, only if it is clear or plain under current law[.]" *See Commonwealth v. Jones*, 283 S.W.3d 665, 668 (Ky. 2009) (internal quotation marks and citation omitted). We proceed accordingly.

**The circuit court made statutorily required findings in the order revoking Hardin's probation**.

Hardin's specific allegations of error concern the circuit court's finding he could not be appropriately managed in the community. A trial court has discretion in probation revocation matters but must exercise its discretion

"consistent with statutory criteria." *New v. Commonwealth*, 598 S.W.3d 88, 90 (Ky. App. 2019) (quoting *Andrews*, 448 S.W.3d at 780). Consideration of whether Hardin could be appropriately managed was required of the circuit court pursuant to KRS 439.3106(1)(a). "[KRS] 439.3106(1)(a) requires a court to make two findings before revoking probation: 1) the supervised individual must be a significant risk to prior victims . . . or the community at large; and 2) the supervised individual cannot be appropriately managed in the community[.]" *Kendrick v. Commonwealth*, 664 S.W.3d 731, 734 (Ky. App. 2023) (internal quotation marks omitted). While a court must make both findings before revoking probation, it retains discretion pursuant to KRS 439.3106(1)(b) to impose lesser sanctions in lieu of revocation. *Id.* (citing *McClure v. Commonwealth*, 457 S.W.3d 728, 732 (Ky. App. 2015); *Andrews*, 448 S.W.3d at 780).[3]

While Hardin alleges palpable error and relies on *Burnett* in his preservation statement, he does not argue there is a total absence of consideration of an element under KRS 439.3106(1)(a), as we noted had occurred in *Burnett*. 538 S.W.3d at 325. Aside from the oral findings described *supra*, the circuit court's written Revocation Order here included the following:

---

[3] "KRS 439.3106 permits, but does not require, a trial court to employ lesser sanctions" and so "incarceration remains a possibility." *New*, 598 S.W.3d at 90 (quoting *McClure*, 457 S.W.3d at 732). While Hardin argued for graduated sanctions at the revocation hearing, he does not present that issue on appeal and otherwise makes no challenge to any findings in the Revocation Order made pursuant to KRS 439.3106(1)(b).

This Court finds that Hardin has obviously violated the conditions of his probation by having unauthorized contact with a minor, having three unauthorized cell phones, and by being terminated from the sex offender treatment program.

Pursuant to KRS 439.3106(1), this Court finds that Hardin constitutes a significant risk to the community at large. As grounds, it is apparent that Hardin, a sex offender, attempted to befriend a thirteen year old child who had lost her dog. In addition, his cellular telephone had a number of inappropriate sexual communications.

Pursuant to KRS 439.3106(1), this Court next finds that Hardin cannot be appropriately managed in the community. As grounds, Hardin was having unauthorized contact with a minor and maintaining at least three unauthorized cellular telephones. In addition, Hardin has been terminated from the Kentucky Sex Offender Program.

Hardin makes no argument regarding the finding he was a significant risk to the community at large. He acknowledges the circuit court's ostensible consideration of whether he could be appropriately managed in the community. Furthermore, he also does not dispute that this finding was supported by the evidence on the record. Nonetheless, Hardin argues in his Appellate brief the findings in the Revocation Order are statutorily deficient because the circuit court "fail[ed] to consider that [Hardin] was not in a situation conducive to his recovery[.]" According to Hardin's argument, the circuit court was obligated to consider that he faced "obstacles working against him that precluded evidence that he could not be adequately managed in the community."

-10-

The primary "obstacle" Hardin alleges the circuit court failed to consider was the influence of his brother, who is also a sex offender, and with whom he resided at the time he committed the violations. The Revocation Order *did* recognize that Hardin's brother was involved in the events leading to the new charge:

> The evidence is unrefuted that Hardin and his brother, who is also a sex offender, befriended a thirteen year old child who had lost her dog in August of 2023. The two then began texting with said child. The child informed law enforcement that Hardin and his brother wanted to take her on a ride with them to Greer Lane. She also advised that these two were apparently watching her while she was swinging in the yard, and they complimented her for being "pretty."
>
> Law enforcement obtained a search warrant and discovered two cell phones in Hardin's bedroom and one at Wendy's, his place of employment. Hardin had failed to report these cell phones when he was questioned by his probation officer. Meanwhile, his brother had thirteen cell phones in his bedroom. A phone from Hardin's bedroom contained his email address – stephenhardin0909@gmail.com. *See* Commonwealth's Exhibit 1. The witnesses testified about a number of inappropriate sexual communications with minors and others via Snap Chat.

Hardin argues that the circuit court committed an abuse of discretion by failing to recognize he had been "situated to fail" as a result of residing with his brother.

Hardin cites to testimony in the revocation hearing to assert his brother had engaged in behavior even more abhorrent than his own. He points to

evidence of his brother's possessing a greater number of unauthorized cell phones than he did and his brother's apparently not being in a treatment program. He asserts "nearly" all instances of his own conduct which the circuit court referred to in support of the conclusion he could not be appropriately managed were also actions engaged in by his brother. Hardin asserts that the circuit court failed to recognize or consider that "[t]reatment and recovery from an addiction to untoward sexual fantasies does not happen when poor role models are inhabiting your home . . . [Hardin] was not in a situation conducive to his recovery and with a brother actively engaging in the poor behavior."

However, the Commonwealth points out the record is replete with instances of Hardin's unauthorized and illicit activity occurring during situations separate and apart from his brother. These instances included activity on the cell phone located at his place of employment and even during an occasion he was attending a class for the Sex Offender Treatment Program.

Regardless, we reject Hardin's argument. Notably, he cites to no authority and identifies no specific language within KRS 439.3106 which might compel the circuit court to consider such matters not specifically mentioned in the statute *sua sponte* on the record. The circuit court was tasked with evaluating Hardin's violation of the terms of his probation and making the findings required by KRS 439.3106(1), not the influence of his brother. Whether or not the circuit

court made any calculation as to the influence of Hardin's brother when taking into consideration whether Hardin could be appropriately managed in the community, the circuit court had no obligation to articulate any such reasoning about the brothers' interactions and certainly not in the detail Hardin contends is required. KRS 439.3106 does not require the circuit court to provide explanations for its findings. *New*, 598 S.W.3d at 90. Neither are detailed findings required. *Id.* (citing *Helms v. Commonwealth*, 475 S.W.3d 637 (Ky. App. 2015)).

In a related argument, Hardin alleges the circuit court failed to recognize that he had been failed by Probation and Parole. He complains he "went months after his release from confinement without any treatment[.]" Hardin blames Probation and Parole for the fact he resided with his brother, and argues this fact should have compelled query into why Probation and Parole would "feel this was a healthy situation[.]" Hardin himself posed no such question, however. Neither witness at the revocation hearing was cross-examined regarding Hardin's residing with his brother and no argument on the subject was made to the circuit court.

We find this argument also without merit. Our review is for circuit court error. To decide whether to revoke Hardin's probation, the circuit court was tasked with considering whether he could be appropriately supervised, not whether the terms of his supervision were ideal for "[t]reatment and recovery from an

-13-

addiction to untoward sexual fantasies[.]" Hardin again cites to no authority for how his criticisms of the probation and parole system in any way negate or render insufficient the circuit court's findings. We detect no abuse of discretion on the part of the circuit court and certainly no palpable error.

## CONCLUSION

The circuit court made findings of relevant statutory reasons to revoke Hardin's parole during the revocation hearing and in its written order, all of which were amply supported by the record. The circuit court's order revoking probation is hereby AFFIRMED.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Jennifer Wade
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky